UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MEGAN AVERY,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | No.  1:25-CV-02118-ADA-DH |
| KIPP TEXAS, INC., KIPP TEXAS<br>PUBLIC SCHOOLS,<br>*Defendants* | §<br>§<br>§<br>§ | |

**ORDER**

Before the Court is Plaintiff Megan Avery's motion for alternative service, Dkt. 5. Avery asserts that she has unsuccessfully attempted to serve Defendants Kipp Texas, Inc. and Kipp Texas Public Schools (together, "Kipp"[1]) four times at the address listed with the Texas Secretary of State for their registered agent, who has been repeatedly unavailable at her office despite confirmation from Kipp employees that the agent could be found there. *Id.* at 2. Avery asks the Court to allow her to effect alternative service by serving the Texas Secretary of State under Texas Business Organizations Code Section 5.252 or delivering the service documents to anyone over eighteen years of age at the registered agent's address. *Id.* at 4. Having reviewed the motion and relevant law, the Court will grant the motion.

"Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). A plaintiff is permitted to

---

[1] Avery attaches evidence that "Kipp Texas Public Schools" is an assumed name of Kipp Texas, Inc. and that Defendants therefore share the same registered agent. Dkts. 5-2; 5-3.

serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106(a) provides that service of a citation may be accomplished by (1) delivering it to the defendant in person, or (2) mailing it to the defendant by registered or certified mail, return receipt requested. Tex. R. Civ. P. 106(a). Because it is generally more reliable, Texas law prefers personal service over substitute service. *See Taylor v. State*, 293 S.W.3d 913, 915-16 (Tex. App.—Austin 2009, no pet.).

Where efforts at service by one of the enumerated means have been unsuccessful, a plaintiff may request alternative or substituted service. *Joe Hand Promotions, Inc. v. MHB Enters., LLC*, No. SA-24-CV-00064-XR, 2024 WL 1595678, at *1 (W.D. Tex. Feb. 20, 2024) ("[O]nly after service by one of the two methods provided in Rule 106(a) fails may a court, upon a motion supported by proper affidavit, authorize substituted service."); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993).[2] Further, under the Texas Business Organizations Code, the Texas Secretary of State is "an agent of an entity for purposes of service of process, notice, or demand on the entity if: (1) the entity is a filing entity or a foreign filing entity and: … (B) the registered agent of the entity cannot with reasonable

---

[2] Upon motion supported by sworn statement, the Court may authorize alternative service "(1) by leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit; or (2) in any other manner the court finds will be reasonably effective to give notice based on the affidavit and other evidence." *See* Tex. R. Civ. P. 106(b). "The plaintiff must meet a high evidentiary burden to prove that such service is reasonably calculated to provide notice of the proceedings in time to answer and defend." *Titus v. S. Cnty. Mut. Ins.*, No. 03-05-00310-CV, 2009 WL 2196041, at *4 (Tex. App.—Austin July 24, 2009, no pet.)

diligence be found at the registered office of the entity." Tex. Bus. Org. Code §§ 5.251, 5.252. When those requirements are satisfied, service may be accomplished by serving the Texas Secretary of State pursuant to Section 5.252 of that Code. *See id.*

The burden is on the moving party to show that a substitute method of service is appropriate and necessary under Texas law. *Oden v. Wellfirst Techs., Inc.*, No. 2:20-CV-00034, 2020 WL 11272644, at *2 (S.D. Tex. May 29, 2020); *see also In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012) ("[I]f personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to." (citation omitted)). "[T]he task of determining when the particularities and necessities of a given case require alternate service of process is placed squarely within the sound discretion of the district court." *SEC v. Millennium Bank*, No. 7:09-CV-050-O, 2009 WL 10689097, at *1 (N.D. Tex. Oct. 21, 2009).

The undersigned finds that Avery has met her burden of demonstrating under Texas Rule of Civil Procedure 106(b) that alternative service on Kipp is warranted. In support of her motion, Avery points to affidavits from her process server, who attempted service four times. Dkt. 5-1, at 5-6, 11-12. Avery's process server describes his four attempts to personally serve Kipp's registered agent, as well as his communications with the registered agent's staff, who repeatedly stated the agent was unavailable or out of town despite having confirmed that the agent would be in her office on at least one of the attempted days. *Id.*

Avery has established that personal service could not be "effected by the exercise of reasonable diligence" and that her proposed alternative notice is

"reasonably calculated" to provide Kipp with "notice of the proceedings in time to answer and defend." *E.R.*, 385 S.W.3d at 564; *Titus*, 2009 WL 2196041, at *4; *see* Tex. R. Civ. P. 106(b) (allowing alternative service "by leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit"). Additionally, since Kipp is a company registered with the Texas Secretary of State, *see* Dkts. 5-2; 5-3, and Avery's motion is supported by an affidavit recording four unsuccessful attempts to serve Kipp's registered agent, the Court finds Avery has demonstrated reasonable diligence sufficient to satisfy Section 5.251 of the Texas Business Organizations Code. *See Cacho v. ACA Experts, LLC*, No. EP-23-CV-00456-DCG-MAT, 2024 WL 5364415, at *2 (W.D. Tex. Feb. 20, 2024) (granting motion for service of process through the Secretary of State where plaintiff's motion was supported by an affidavit recording four unsuccessful attempts to serve defendant's registered agent).

Accordingly, Avery's motion for alternative service, Dkt. 5, is **GRANTED**. Avery may serve Kipp Texas, Inc. and Kipp Texas Public Schools by serving the Texas Secretary of State under Texas Business Organizations Code Section 5.252 or delivering the service documents to anyone over eighteen years of age at 10711 Kipp Way, Houston, TX 77099.

SIGNED February 20, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE